**CHICKASHA COTTON OIL CO. v. ROGERS, County Treas.**

No. 21482. Opinion Filed May 24, 1932.

Rehearing Denied Nov. 22, 1932.

Melton & Melton, for plaintiff in error.

Richmond (Duke) Duvall, City Attorney, and W. A. Bolding, County Attorney, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kiowa county. The parties appear in the same order in which they appeared in the trial court. The action was to recover a money judgment for the amount of excessive taxes paid for the year 1928. The trial court rendered judgment sustaining a demurrer to the plaintiff's evidence.

The record discloses that the plaintiff owned 40 acres of land near the city of Hobart upon which there was located a cotton oil mill. During the year 1928 a portion of the property was levied upon as being within the city of Hobart. The defendant contends that that portion of the property had been taken into the city of Hobart by virtue of a city ordinance. That tax was paid under protest and the action was for the recovery of the amount paid.

By virtue of section 4463, O. O. S. 1921, the limits of a city may be extended. The ordinance relied upon by the plaintiff did not recite any of the prerequisites to the inclusion of property of the kind involved in this action within the city limits. It did not show that the tract of land was less than five acres with more than one residence thereon; that the consent in writing of the owners of a majority of the whole number of acres owned had been obtained, or that at least three sides of the tract are adjacent to or abutting on the property already within the city limits.

In Barton v. Stuckey, Co. Treas., 121 Okla. 226, 248 P. 592, this court held:

"Where a city attempts by ordinance to annex additional territory, three sides of which are not adjacent to nor abutting on property already within the city limits, without the application or consent of the owners thereof, as required by section 4463, Comp. Okla. Stat. 1921, held, such ordinance is void and confers no jurisdiction or authority over such territory by the city, and a tax levy for city purposes against the land thus embraced is void and if paid under protest as provided by section 9971, Comp. Okla. Stat. 1921, may be recovered in a suit for that purpose."

The ordinance on its face does not show jurisdictional facts. There was no claim made or proof offered that the owner of the property gave its consent to have the property brought into the city of Hobart. It was not shown by the ordinance, or by the evidence, that three sides of the land

attempted to be brought into the city of Hobart are adjacent to or abutting on property already within the city limits unless the land described in ordinance No. 746 was within the city limits at the time of the enactment of ordinance No. 748. If the land described in ordinance No. 746 was not within the city limits at the time of the passage of ordinance No. 748, three sides of the land described in ordinance No. 748 were not adjacent to or abutting on property already within the city limits at the time of the enactment of ordinance No. 748, and the city council was without authority of law to annex the same to the city without the consent of the owner.

The record shows that both ordinances were passed and approved on the same day. The provisions of section 4463, supra, may not be defeated by a city council extending the city limits to include certain real estate and, at the same meeting of the city council, again extending limits of the city to include other real estate, where the validity of the second extension of the city limits is dependent upon the validity of the first extension thereof. If that procedure could be followed, the provisions of section 4463, supra, as to adjacent or abutting property could be nullified. The land described in ordinance No. 746 was not legally within the city limits when ordinance No. 748 was passed and approved.

In Barton v. Stuckey, Co. Treas., supra, this court said:

"Since the record discloses that the attempted extension of the city limits to embrace the plaintiff's land was made without her application or written consent, and since it does not disclose that three sides thereof, at that time, were adjacent to or abutting on property already within the city limits, the city was without authority or jurisdiction to enact said ordinance, and the same is void, and therefore conferred no authority upon the taxing authorities to levy and collect city taxes thereon for the year 1923."

It is contended herein, as it was contended in Barton v. Stuckey, supra, that the ordinance cannot be attacked collaterally. In that case this court said:

"Defendant's brief is devoted almost exclusively to a discussion tending to show that the validity of said ordinance cannot be attacked in this manner; it being contended that this is a collateral attack on said ordinance. Numerous authorities are cited which in our judgment are not applicable, for the reason that the ordinance in question shows on its face an absence of the jurisdictional facts delineated in both the city

charter and the general statutes as a prerequisite to the passage thereof.

"We are familiar with the general rule that where the council substantially complies with the statutes and the facts are sufficient to confer authority and jurisdiction on it to enact an annexing ordinance, its validity cannot be questioned in a collateral proceeding by reason of defects, informalities, and irregularities in its passage. But where the council is without authority, as in the instant case, the ordinance is a nullity—a blank —and serves no purpose and confers no jurisdiction whatever upon the city to treat the territory thus embraced as a part of the city's domain.

"Such ordinance being void, any taxes attempted to be levied thereon for city purposes, by reason of said ordinance, would be illegal and unenforceable."

That rule is applicable in this case. It is not in conflict with the rule stated in Biggerstaff v. City of Altus, 114 Okla. 98, 243 P. 751.

The defendant contends that the taxes are contested solely upon the ground that the plaintiff's property was erroneously assessed and listed as being within the corporate limits of the city of Hobart, and that the suit being an original action in the district court, the court was without jurisdiction to hear the issue, the plaintiff having pursued the wrong remedy. The defendant further contends that the holding by this court in Daniel v. Stuckey, Co. Treas., 118 Okla. 150, 257 P. 776, should govern the holding in this case. We do not agree with those contentions. In Daniel v. Stuckey, supra, the question for determination was whether the plaintiff could pursue the remedy provided by section 9971, C. O. S. 1921, where property was illegally listed and assessed, or whether the plaintiff should pursue the remedy provided by section 9966, C. O. S. 1921, which offers a remedy whereby a taxpayer, who feels aggrieved at the listing and assessment made against his property, may appeal from the decision of the board of equalization. In the case at bar the plaintiff does not complain of any wrongful listing of his property for taxation nor of the value placed thereon. The rate of levy alone is complained of. The rate levied was that for property within the city of Hobart. The rate that should have been levied was that for property without the city. The plaintiff was entitled to no relief from the board of equalization under the provisions of section 9966, supra.

One of the questions before the court was the legality of the city ordinance. That was one of the questions before the court in Barton v. Stuckey, Co. Treas., supra. The court therein held that the ordinance conferred upon the city no jurisdiction or authority over the property; that the tax levy for the city was void, and that the tax, when paid under protest, could be recovered by suit under the provisions of section 9971, supra.

Having reached this conclusion, we deem it unnecessary to consider any other question raised in this appeal.

The trial court was in error in sustaining the demurrer to the plaintiff's evidence. For that error its judgment is reversed and the cause is remanded, with directions to set aside the judgment rendered herein and to render judgment in favor of the plaintiff in accordance herewith.

HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.

---

Supplemental Opinion on Rehearing.

ANDREWS, J. On rehearing it is contended that:

"This honorable court has apparently overlooked and has failed to take into consideration that ordinance No. 746, commonly known as the 'Connor Ordinance,' passed and approved on June 11, 1926, had an emergency clause attached thereto, which the defendant contends had the effect of making the ordinance operative and valid immediately upon its passage and approval, section 3 of such ordinance (R. 58) reading as follows:

"'Section 3. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason of which this ordinance shall be in full force and effect from and after the date of its passage and approval.'"

By the provisions of section 6361, O. S. 1931 (section 4521, C. O. S. 1921), all ordinances of cities are required to be published as soon as practicable after they are passed, and "* * * no ordinance having any object beyond the bare appropriation of money shall be in force until published as herein provided."

In Marth v. City of Kingfisher, 22 Okla. 602, 98 P. 436, it was held that a municipal corporation has only such power to enact ordinances as is granted it by its charter or by the provisions of the general law under which it is created, and that it has no inherent power in respect thereto. In commenting on the provisions of the statute hereinabove quoted, this court said that publication of an ordinance of a city

was "essential to the validity of said ordinance, and, unless published, would not in any manner bind the city." The statute can be given no other construction. It needs no construction. It speaks for itself. Ordinance No. 746 intended to extend the limits of the city. It was not within the exception, for it was an ordinance having an object beyond the bare appropriation of money.

Such is the holding of the majority of the courts. The rule is stated in the Law on Municipal Corporations by Eugene McQuillin (2d Ed.) vol. 2, sec. 734, wherein are cited decisions from a large number of states in support of the text. It is based upon the facts, as stated by the author, that ordinances are binding upon inhabitants and strangers, that they operate upon property within the corporate limits, and that all persons upon whom they are binding are bound to take notice thereof. In the language of the author, "* * * it would seem to be a reasonable requirement that notice of their existence should be given in some appropriate manner before they are permitted to take effect." The author concludes:

"Provisions respecting publication and sufficient notice are generally held mandatory, and hence failure to publish in substantially the manner prescribed renders the ordinance and resolution void. Accordingly, where publication is made a prerequisite to the ordinance taking effect, the requirement is clearly mandatory, and to render the ordinance valid and enforceable, publication must be in substantial conformity to the provisions of law as to the time, place, and manner."

The decision of this court in Berryhill v. City of Sapulpa, 97 Okla. 65, 222 P. 555, is not a construction of the sections of the Code in issue here. The section of the Code construed therein was section 6051, O. S. 1931 (section 4406, C. O. S. 1921). That is a special provision with reference to a special assessment ordinance.

The decision of this court in Haskell v. Kennedy, 151 Okla. 12, 1 (2d) 729, relates to town ordinances and not to city ordinances. The section of the Code therein construed was section 6632, O. S. 1931 (section 4762, C. O. S. 1921). That section is not in issue here.

The defendant in error contends that ordinance No. 746 was in full force and effect from and after the date of its passage and approval by reason of the provisions of section 5889, O. S. 1931 (section 6649, C. O. S. 1921), which section provides that ordinances shall not take effect and become operative until 30 days after final passage thereof "except measures necessary for the immediate preservation of peace, health, or safety." They base that contention on the decision of this court in City of Coalgate v. Gentilini, 51 Okla. 552, 152 P. 95, as follows:

"Section 3390, Rev. Laws 1910, provides that a city ordinance does not become operative until 30 days after its passage and approval. Held, that this does not render the ordinance void; and it cannot be treated as not in existence during that time, but, while it is inoperative, yet the effect and purpose of the ordinance is, from and after the date of its passage and approval, to take control of the subject of the ordinance."

Under that rule, ordinance No. 746 was not void at the time of the passage of ordinance No. 748, and it cannot be treated as not in existence at that time. However, in the language of this court in that decision, it was "inoperative" at that time, and in the language of the statute, supra, it was not "in force" at that time, for the reason that it had not been published at that time.

Section 4521, supra, is one of the general Code provisions with reference to cities. Section 6649, supra, is one of the Code provisions with reference to the initiative and referendum. Section 4521, supra, was in force prior to the adoption of section 6649, supra. Under the provisions of section 4521, supra, publication of such an ordinance as ordinance No. 746 was a prerequisite to its being "in force."

We have for consideration the question of whether or not, by the enactment of section 6649, supra, the Legislature intended to put in force such an ordinance prior to the publication thereof. There is nothing in the provisions of section 6649, supra, requiring any publication of an ordinance. That section in no wise relates to the publication of ordinances. If, by the provisions of that section, a city ordinance is in force prior to its publication, by reason of the emergency clause provision thereof, it is in force notwithstanding the provision of section 4521, supra, that no such ordinance shall be in force until published, and if it is in force prior to the publication thereof, then so far as that section provides, it can be in force though there be no publication thereof.

By the provisions of section 6649, supra, the Legislature has classified city ordinances and has said that they shall not become operative until 30 days after the passage thereof and the approval thereof by the executive officer, or the passage thereof over his veto, except such measures as are

168

necessary for the immediate preservation of peace, health, or safety, which measures shall become operative without regard to the 30-day requirement, but it has not therein said that any ordinance shall be in force prior to the publication thereof. By the provisions of section 4521, supra, it has said that no ordinance having any object beyond the bare appropriation of money shall be in force until published.

When the two sections are considered together, it is apparent that the only city ordinances which may be put in force immediately upon their passage and approval are ordinances having no object beyond the bare appropriation of money and which contain an emergency clause, but such ordinances cannot be put in force immediately without the approval of the executive officer. No other ordinance can be put in force prior to its publication, and the inclusion therein of an emergency clause does not operate to put it in force prior to its publication. Ordinances having no object beyond the bare appropriation of money become operative 30 days after their passage and approval by the executive officer, provided they have been published, but such ordinances may be put in force immediately upon their publication by including therein an emergency clause which is approved by the executive officer. If they are not approved by the executive officer, they cannot be put in force until after their publication and after the expiration of 30 days from the date of the passage over the veto of the executive officer.

Any other construction would make a person subject to all of the penal provisions of the city for an offense committed on the property included in ordinance No. 746, even though he had no knowledge of the passage of ordinance No. 746, for, without any notice, either active or constructive, to him, that property would become a part of the city. Under that construction, a man might go to bed at night a nonresident of the city and awake in the morning a resident of the city. He might be arrested for the violation of a city ordinance when he had no notice and no opportunity to know that he was a resident of the city. There is no middle ground. If the property described in ordinance No. 746 did not become a part of the city on the passage and approval of ordinance No. 746 so as to make the penal provisions of the city ordinance effective thereon, it did not become a part of the city so as to make the property of the plaintiff in error abut upon the city at the time of the passage of ordinance No. 748.

Since the provisions of section 4521, supra, have not been repealed and are in force and effect, we must hold that an emergency city ordinance adopted pursuant to the provisions of section 6649, supra, is not effective and in force until it has been published as required by the provisions of section 4521, supra.

The record shows that at the time of the passage of ordinance No. 748 the owners of a majority of the whole number of acres owned by residents of the territory sought to be added had not consented in writing thereto; that the property sought to be added had not been subdivided into tracts and parcels of less than five acres, with more than one residence thereon, and that three sides of the property were not adjacent to or abutting on property already within the city limits. Under the provisions of section 6130, O. S. 1931 (section 4463, C. O. S. 1921), the city council was without legislative authority to pass ordinance No. 748.

For the reasons stated, we hold that ordinance No. 748, which is the ordinance relied upon by the defendant in error as having extended the limits of the city to include property of the plaintiff in error, is void for the want of legislative authority for its passage.

The petition for rehearing is denied.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.