## CHICAGO, R. I. & P. R. CO. v. GALYON, County Treas., et al.

### No. 26709. April 6, 1937.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiff in error.

County Attorney of Comanche County, City Attorney of City of Lawton, and Bailey & Hammerly, for defendants in error.

GIBSON, J. This action was commenced in the district court of Comanche county by plaintiff in error against defendant in error, the county treasurer, to recover certain alleged illegal taxes levied for the years 1931 and 1932 and paid under protest.

That portion of the tax alleged to be illegal constituted the levy for the city and schools of Lawton. The city and school district were permitted to intervene in the action.

The taxpayer and the county treasurer will be referred to herein as plaintiff and defendant, respectively.

It is alleged that the property taxed was not located within the corporate limits of the city of Lawton and that the levy for municipal purposes was therefore illegal. The trial court held to the contrary and rendered judgment for defendant, and plaintiff has appealed.

The property in question consists of a strip of land 300 feet wide and one-half mile long lying adjacent to the east boundary of the original townsite of the city of Lawton, and is the right of way of the defendant railroad.

The only question presented on this appeal is whether the land above described was within the corporate limits of the city when the assessment was made.

Lawton became a city of the first class in 1901, and in 1902 the city council, seeking to exercise the authority granted by section 1, art. 2, ch. 11, S. L. 1895 (amended, section 1, art. 2, ch. 10, S. L. 1907-08, 6130, O. S. 1931), passed ordinance No. 76 attempting to annex said land to the city. The ordinance, omitting title and approval clause, reads as follows:

"Section 1. That the boundaries and limits of the city of Lawton, be and the same are hereby extended and established so as to take in and make a part of the city that tract of land lying east and described as follows: Commencing at the northeast corner of section 31, township 2 north of range 11 west of the Indian Meridian, thence east three hundred feet, thence south one half mile, thence west three hundred feet to section line, thence north one half mile to place of beginning. And that the same be and the same is hereby declared to be a part of the city of Lawton.

"Section 2. This Ordinance shall take effect and be in full force and effect from and after its passage, approval and publication as required by law.

"Passed this 25th day of August, A. D. 1902."

Public improvements and municipal protection were extended over said area many years ago and have since been maintained at all times.

The 1895 statute, above, provides that a city council, in its discretion, may add adjacent property to the city, and may increase or diminish the city limits in any manner as in the judgment of the council may redound to the benefit of the city:

"Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added."

According to the finding of the trial court, which is supported by the record, the land comprised more than five acres and was not subdivided, and said ordinance No. 76 was passed by the council without the written consent of the owner of the property.

Plaintiff contends that in view of the statute, the ordinance was void in that the council was without jurisdiction to pass the same in the absence of written notice to the plaintiff, who was then the owner of the land.

In cases of this character the general rule is that the state alone may question the validity of ordinances extending the corporate limits of a city, and that private parties are not authorized to attack in a collateral proceeding the corporate existence of a city as to its additions. City of Blackwell v. City of Newkirk, 31 Okla. 304, 121 P. 260; Moore v. City of Perry, 126 Okla. 153, 259 P. 133.

In this state an exception to that rule has been recognized where the ordinance extending the corporate limits is void on its face for failure to recite the jurisdictional facts. Barton v. Stuckey, 121 Okla. 226, 248 P. 592; Chickasha Cotton Oil Co. v. Rogers, 160 Okla. 164, 16 P. (2d) 112.

The ordinance in the instant case did not recite the jurisdictional facts. On authority of the Stuckey and Roger Cases, above, the ordinance was void.

Here, however, there exists a distinguishing feature not present in those cases. In the instant case there is presented for consideration a subsequent curative statute whereby the Legislature attempted to validate all prior ordinances of the character here involved. The statute was inserted in the Revised Laws of 1910 as section 426 thereof, and adopted in 1913, now section 5990, O. S. 1931. It reads as follows:

"The incorporation, prior to the sixteenth day of November, nineteen hundred and seven, of all cities and towns in this state under the laws in force in the territory in which they were respectively located, and all additions made or attempted to be made to any such cities and towns under any such law, and all ordinances of such cities and towns not in conflict with the Constitution and laws of the state of Oklahoma, and all official acts done by the officers of such cities and towns in pursuance of such incorporation or attempted incorporation are declared and made legal, valid and binding, notwithstanding any failure or omission to comply fully and completely with the laws in force at the time of and in relation to such incorporation, addition, act or or-

dinance of any such city or town; and all cities in any of the territory comprising the state of Oklahoma which were cities under the laws in force in such territory before statehood, or by virtue of any decision, decree or order of court, or which were proclaimed by the Governor under the laws of this state; Provided, that this section shall not be construed as legalizing, validating, renewing, extending or granting any franchise for any purposes."

In the absence of constitutional restriction the Legislature has absolute control over municipalities with reference to increasing or diminishing their corporate territory. In 19 R. C. L. 732, sec. 38, we find the general rule stated as follows:

"In the absence of constitutional restriction, it is generally considered that the power of a state Legislature over the boundaries of the political subdivisions of the state is absolute. * * * The Legislature may at any time divide one municipality into two or consolidate two municipalities into one or annex additional territory to a municipal corporation or take away territory which it already has, without the consent of any of the municipalities affected or even against their express protest. The exercise of this power does not in any way violate the rights of the individual residents of the affected territory either as citizens or as taxpayers. * * * It is held by great weight of authority that the courts cannot interfere with the annexation of territory to a municipal corporation even if the effect is to subject the annexed territory to taxation for municipal purposes from which it derives no benefit."

In passing the annexation ordinance the city of Lawton acted within the powers granted it by the act of 1895. The council may have omitted certain procedural requirements sufficient under the statute to render the ordinance void, but the Legislature in the first instance could have dispensed with notice to or consent of the land-owner. Since the Territorial Legislature possessed power to authorize the passage of the ordinance in the manner and form employed, and since the Oklahoma Legislature also had that power, its later act of ratification or validation operated to cure any defects existing, and validated the ordinance, ab initio, although such defects may have rendered the ordinance void at the time.

In McQuillin's Municipal Corporations (2d Ed.) sec. 744, we find a general statement of the law on this subject, as follows:

"Acts done under and by virtue of ordinances passed by a municipal corporation, and proceedings entered into by it, within

572

the scope of its power to act, which are void or defective by reason of some irregularity, omission or want of compliance with the law in the passage of the ordinance, may be cured and rendered valid unless there be a constitutional inhibition, by a subsequent act of the Legislature, where the Legislature originally had power to authorize the thing done. In brief, the Legislature may ratify any act of a municipality which it might have originally authorized. Thus it may cure defects in ordinances extending corporate limits. As it could have authorized the annexation in the first instance, it may therefore ratify it after it is made."

The curative statute, section 5990, supra, validates all such ordinances not in conflict with the Constitution and laws of the state of Oklahoma. The Constitution does not prohibit the annexation of the territory in question, neither did the statutes. The council merely failed to follow certain statutory procedural requirements.

The foregoing is in agreement with the rule in Kansas. In that state an act was passed validating ordinances of annexation relating to cities of certain population, and when considering that act in Mason v. Kansas City, 173 P. 535, the Kansas court held as follows:

"Even if the ordinance is void, and even if the plaintiffs have a legal right to maintain this action, yet they must fail because of section 1 of chapter 104 of the Laws of 1913 (sec. 1042 of the General Statutes of 1915)."

The court then sets out the statute and holds further as follows:

"Even if the lands owned by the plaintiffs were absolutely separate and apart from the city, and entirely disconnected from it in every way, yet the Legislature had power to ratify the act of the city in annexing those lands. The Legislature could have authorized such annexation in the first instance, and could therefore ratify such annexation after it was made."

In the case of Los Angeles City Water Co. v. Los Angeles, 88 Fed. 720 (affirmed, 177 U. S. 558), it was said:

"Whatever a Legislature may originally authorize it can, if the Constitution under which it exists interposes no obstacle, subsequently ratify, and such ratification is equivalent to an original grant of power, operative by relation as of the date of the thing ratified."

See, also, 43 C. J. 292, sec. 308.

In view of the foregoing texts and decisions, it becomes clear that the curative statute, section 5990, O. S. 1931, operated to validate the ordinance as of the date of its passage. For that reason a discussion of the question of collateral attack upon a city ordinance of annexation, or upon its corporate existence, as dealt with in City of Blackwell v. City of Newkirk, supra, is unnecessary to final determination of this case.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and HURST, JJ., concur. BUSBY, J., absent.