MISSOURI-KANSAS-TEXAS R. CO. v. MALTSBERGER, County Treas.

No. 29807.   June 24, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 977.*

M. D. Green, John E. M. Taylor, and Lloyd W. Jones, all of Oklahoma City, for plaintiff in error.

Horace D. Ballaine, of Pawnee (J. Berry King and George J. Fagin, both of

Oklahoma City, of counsel), for defendant in error.

RILEY, J. This is an action commenced by the Missouri-Kansas-Texas Railroad Company against the county treasurer of Pawnee county to recover taxes paid under protest. The taxes in question were levied for the general fund and sinking fund of the town of Jennings, for the fiscal years 1935-36, 1936-37, 1937-38, and 1938-39.

The claim is that said taxes levied against the property of plaintiff are illegal, because the proceedings of said town for the annexation of certain territory, including property of plaintiff, to the town, by ordinance adopted February 26, 1914, were illegal and void.

The claim is that the ordinance is void because the petition for the annexation of the property, upon which the ordinance was based, was not signed by three-fourths of the legal voters residing within the area and by the owners of three-fourths in value of the property in the territory sought to be annexed; because no legal notice of said proceedings was given nor was any opportunity given to be heard, and the jurisdictional facts were not determined; and because no copy of the ordinance nor map or plat of the territory annexed was filed in the office of the register of deeds (county clerk) as required by law.

Defendant, as county treasurer, answered the petition by general denial, and further alleged in substance that the ordinance in question was adopted February 26, 1914; that since said day the citizens of the town have considered and treated the territory involved as a part of the town; that the town has extended its sewer, water, and gas lines onto said territory; that streets and alleys have been constructed and maintained therein; that the residents thereof have participated in town affairs, and voted in the elections; that the town has voted bonds and that the residents of said territory participated therein and that said bonds are outstanding and unpaid; that taxes have been levied and collected on the property in said territory, and paid by the owners without protest or objection; that the town has exercised police, health, and safety control over said area; all to the actual knowledge of the officers, agents, and employees of plaintiff and its predecessor and that plaintiff has acquiesced in all of said acts without objection; that plaintiff and its predecessor, with full knowledge of the facts stated, accepted the benefits of the municipal government; and that plaintiff is concluded thereby and is estopped to deny the validity of said ordinance.

The cause was tried to the court on stipulations of facts and as to that to which certain witnesses would testify, if called.

It appears that plaintiff acquired its property involved herein by deed dated March 14, 1923, from the Missouri-Kansas-Texas Railway Company. The amount of the respective levies as affecting plaintiff's property was stipulated as were all facts substantially as alleged in the answer of defendant.

The record discloses that on February 12, 1914, the board of trustees adopted and approved a "notice" reading:

"Notice is hereby given that petitions have been presented to the Board of Trustees of the Town of Jennings, Oklahoma, signed by more than three-fourths of the legal voters and by the owners of more than three-fourths in value of the property hereinafter described, which petition represent and pray that said property be by an ordinance of the Board, of the Board of Trustees of the Town of Jennings, included within the limits of said town, and by said Ordinance the limits of said town be extended to include said property, which is more particularly described and the boundary lines thereof, as follows: . . ." (Then follows a description of the property involved exactly as it later appeared in the ordinance of annexation.)

"Passed and approved this 12th day of February, 1914.

"R. L. Stewart, President
of the Board of Trustees.
"Frank Arnold, Town Clerk."

This notice was published in a weekly paper of general circulation, published in Jennings, in the issues of February 12 and 19, 1914.

The minutes of the clerk show that said notice was approved by the town board at a call meeting held in the town of Jennings, February 12, 1914, at 8:00 p. m.

The trustees, at a meeting held February 26, 1914, adopted ordinance No. 41, being the annexing ordinance involved, and it was thereafter published in said paper, in the issues of March 5, 12, 19, and 26, 1914.

The ordinance in part reads:

"Sec. 1. The City limits of the Town of Jennings, Oklahoma, shall constitute and be, and include within the limits of said Town the following property, the boundary lines of which are,
. . .

"R. L. Stewart, President
of the Board of Trustees.
"Frank Arnold, Town Clerk."

It was stipulated that a petition of some sort for the proposed annexation was presented to the town council prior to February 12, 1914, but its contents were not specifically stipulated; neither the petition nor a copy thereof could be found in the archives of the town nor in the public records of the county, though diligent search had been made therefor.

The minutes of the town council showing the proceedings were placed in evidence.

It was stipulated at the trial that Frank Arnold, if called as a witness, would testify that he was town clerk of the town of Jennings and remembered that a petition of some sort praying the annexation was presented to the board of trustees, but does not remember whether the Katy Railroad Company signed the petition.

It was also stipulated that F. M. Gilbough, Jr., assistant land and tax commissioner of the Missouri-Kansas-Texas Railroad Company, would testify, if called as a witness, that he had been connected with said department of said railroad since about 1917; that said department had charge and supervision of all real estate and tax matters of said railroad; that if the matter of the proposed annexation and the question of signing a petition with respect thereto had been brought to the attention of plaintiff, it would in the usual and customary way have been referred to the tax department, and that a search of the records of that department did not disclose anything to indicate that said petition for annexation was ever presented to or signed by any one for or on behalf of said railroad company; that the correspondence files of said company indicate that the said information received by said department concerning said annexation was a letter from the State Auditor of Oklahoma dated June 10, 1914, addressed to Hon. C. S. Sherwin, tax commissioner of said railroad company, at Dallas, Tex.; that said Sherwin was the tax commissioner of said railroad, but is now deceased; that said letter in substance notified the company that several months prior thereto the town of Jennings had extended its boundary lines so as to include a portion of the "Katy's" lines and depot, and requesting a corrected certificate of assessment showing a correct distribution of said town; that thereafter, upon the instruction of the State Auditor of Oklahoma, the plaintiff railroad company made return for assessment each year of its property located in said territory and paid the taxes assessed against said property for general and sinking fund purposes of the town of Jennings without protest, except for the fiscal year 1925-26, in which year said taxes were paid under protest, and suit was brought to recover same, along with various other items of protest, which suit was by

agreement compromised and settled by the parties, and judgment rendered in favor of defendant on this particular item in protest.

It was also stipulated that no certified copy of the ordinance and plat or map showing the annexation was ever filed with the register of deeds (county clerk) of Pawnee county.

The cause was submitted to the court upon the pleadings and stipulations.

Judgment was entered for defendant, and plaintiff appeals, alleging error as presented under five propositions.

We consider them in their reverse order.

The fifth proposition is that the annexing ordinance is void because a copy thereof, together with an accurate map of the territory annexed, duly certified, was never filed with the register of deeds (county clerk) as required by section 6131, O. S. 1931, 11 Okla. Stat. Ann. § 482.

The ordinance in question was not void on that account. The requirements of section 6131, supra, are in substance the same as section 6136, O. S. 1931, 11 Okla. Stat. Ann. § 487.

The two sections are similar in purpose. In Biggerstaff v. City of Altus et al., 114 Okla. 98, 243 P. 751, it is held that section 4469, C.O.S. 1921, section 6136, supra, is not jurisdictional nor a prerequisite to the enactment of the ordinance, but is directory, and:

"The failure of the mayor of a city to cause a map of additional territory, together with a copy of the ordinance, annexing the same to the city, to be filed in the office of the county clerk in compliance with section 4469, Comp. Stat. 1921, does not affect the validity of the ordinance."

Proposition 4 is that legal notice of the proceedings was not given nor published as required by law. Section 6133, O. S. 1931, 11 Okla. Stat. Ann. § 484, provides in substance that no final action by the board of trustees of a town shall be taken until notice of the presentation of such petition has been given

by the petitioners by publication, "at least once in each week for two successive weeks in some newspaper. . . ."

Plaintiff first contends that the notice was insufficient because it did not recite when the matter would be considered by the board, and therefore gave no one an opportunity to be heard for or against the petition.

The statute does not require such a recitation, nor does it prescribe what the notice shall contain; all that it required is that notice "of the presentation of such petition shall have been given."

The notice published fully complies with this provision as to form. It gave notice that such petition had been presented, and set forth at length the nature and purpose of said petition, described the territory sought to be annexed, and recited that the petition was signed by more than three-fourths of the legal voters and by the owners of more than three-fourths in value of the property sought to be annexed.

It is next contended that the notice was not published the required length of time. The first publication was February 12th, and the second publication was February 19, 1914, the final action on the ordinance was on February 26, 1914; that only 13 days elapsed between the first publication and the day final action was taken, excluding the day of first publication and the day of final action.

In support of this contention, plaintiff cites Cadman v. Smith, 15 Okla. 633, 85 P. 346; Smith v. Bostaph, 103 Okla. 258, 229 P. 1039; Sitton v. Hernstadt, 106 Okla. 140, 233 P. 676, and similar cases. They involve statutory requirements different from the one here involved. They all involve notices which the statute requires to be published a given number of days or weeks before the proposed action may be taken. In all of the cases cited and relied upon, publication was short of the required time even though the day on which the act was to be performed be included.

Excluding February 12th, the day of the first publication, and including February 26th, the day the ordinance was passed, the publication was for full two weeks (14 days). Section 22, O. S. 1931, 12 Okla. Stat. Ann. § 73, provides:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

Section 708, C.O.S. 1921, 12 Okla. Stat. Ann. § 764, provided that lands and tenements taken on execution shall not be sold until the officer causes public notice of the time and place of sale to be given for at least 30 days before the sale, etc.

In Reeder et al. v. Mitchell et al., 117 Okla. 21, 244 P. 773, it is held:

"A publication notice for the sale of real property first published in a daily paper on the 3rd day of December, and in each and every issue of such paper thereafter up to the 2nd day of January, the sale being on said date, is sufficient under the provisions of section 708, C.O.S. 1921."

In Wedgwood v. Boyd, 174 Okla. 531, 51 P. 2d 299, a publication starting on July 16th, and ending on August 15th, was held sufficient to support a sale held on August 15th. Under the statutory rule for computing time, and the decision referred to, the notice here involved was published the required length of time.

The third proposition is that the ordinance is void for want of jurisdiction in that the petition was not signed by three-fourths of the legal voters and by the owners of not less than three-fourths in value of the property sought to be annexed.

It is conceded that the railroad property constitutes much more than one-fourth (in value) of the property sought to be annexed. But it was not proved that the Missouri-Kansas-Texas Railway Company, the owner of the property in February, 1914, did not sign the petition.

The petition itself was lost and could not be produced. But the notice published recited that the petition was signed by more than three-fourths of the legal voters, and by the owners of more than three-fourths in value of the property described and sought to be annexed. This was prima facie evidence, and apparently the best evidence available, that the petition was signed by the owners of more than three-fourths in value of the property sought to be annexed, and sufficient to cast the burden upon plaintiff to prove the contrary, assuming that it did not have the burden in the first instance. In either event it failed to sustain the burden.

It is next contended that the ordinance itself is void because it failed to recite the existence of the necessary jurisdictional facts; that is: Presentation of a petition signed by the requisite number of voters, publication of the notice, etc.

In support of this contention plaintiff cites Chicago, R. I. & P. R. Co. v. Galyon, 179 Okla. 570, 66 P. 2d 1066. That case cites the cases of Barton v. Stuckey, 121 Okla. 226, 248 P. 592, and Chickasha Cotton Oil Co. v. Rogers, 160 Okla. 164, 16 P. 2d 112, and in the body of the opinion it is said:

"The ordinance in the instant case did not recite the jurisdictional facts. On authority of the Stuckey and Roger Cases, above, the ordinance was void."

Examination of the two cases cited discloses that neither ordinance involved was declared void solely because the ordinance did not recite jurisdictional facts, but both were held void because the record disclosed that the jurisdictional facts did not exist.

The only effect of failure to recite jurisdictional facts in an ordinance of the kind is to enable interested parties, other than the state, to attack such ordinance. Being enabled to attack the ordinance in the capacity of an individual, he may, if he can, show that the necessary jurisdictional facts did not exist. When he has made such showing, and not until he has done so, the ordinance will be declared void.

What is said in Chicago, R. I. & P. R. Co. v. Galyon, supra, with reference to failure of the ordinance to recite the jurisdictional facts, is said in connection with the right of a private party to question or attack the validity of an annexing ordinance.

Therein we pointed out the exception to the general rule recognized in this state, and said the exception is recognized "where the ordinance . . . is void on its face for failure to recite the jurisdictional facts." By use of the words quoted, we went beyond the holding of the court in the cases cited, in that they did not hold an annexing ordinance void on its face where it fails to recite the jurisdictional facts. The true rule is that the exception is recognized in this state so as to allow attack by an individual where the ordinance is void on its face, in that it shows upon its face that the jurisdictional facts did not exist, or where the ordinance is defective, in that it fails to recite the jurisdictional facts.

Therefore, what we said in Chicago, R. I. & P. R. Co. v. Galyon, supra, insofar as it indicates an intention to hold an annexing ordinance void merely because it fails to recite the jurisdictional facts, is disapproved and is to that extent overruled. The statement contained in the Galyon Case, supra, to the effect that failure to recite jurisdictional facts renders the ordinance void, was quoted in Peerless Realty & Operating Co. v. City of Tulsa, 184 Okla. 335, 87 P. 2d 118, but likewise it was therein unnecessary to the conclusion reached and contrary to it.

In the Barton v. Stuckey Case all that was said on the point was, ". . . the ordinance in question shows on its face an absence of the jurisdictional facts." That was far from a holding that nonrecitation of jurisdictional facts rendered the ordinance void. As in Chickasha Cotton Oil Co. v. Rogers, supra, the ordinance failing to recite jurisdictional facts, a collateral attack by an individual was permitted. And upon the assault, there appearing lack of power, the ordinance failed and was declared void.

So the rule is stated in City of Maud et al. v. Tulsa Rig, Reel & Mfg. Co. et al., 165 Okla. 181, 25 P. 2d 792.

In Inland Development Co. v. Oklahoma City, Okla., et al., 9 Fed. Supp. 96, the ordinance did not show either existence or nonexistence of jurisdictional facts, but it was held that if jurisdictional facts existed in fact, though not stated in the text of the ordinance, the ordinance was valid, and this in view of Barton v. Stuckey, Chickasha Cotton Oil Co. v. Rogers, and City of Maud et al. v. Tulsa Rig, Reel & Mfg. Co. et al., cases, supra.

Moreover, in Lowden et al. v. Hooper, Co. Treas., 188 Okla. 595, 112 P. 2d 172, it is contemplated that though the ordinance of annexation may be subject to collateral attack by failure to state jurisdictional authority, nevertheless, upon attack, it is necessary to determine the absence of power and authority before striking it down.

The rule is stated in 43 C. J. 525, para. 807, that in the absence of statutory requirement, and in Oklahoma there is no such requirement, it is not essential to the validity of an ordinance that it should recite authority for its passage. It is said:

"This power will be presumed until the contrary is shown." And: "Even the misrecital in an ordinance of the source of the power by which the ordinance is passed does not invalidate it if in point of fact the power to enact it existed."

There is ample authority to support this rule and none is cited to the contrary. The contrary is void of logic and puts courts to a rule of estoppel where long acquiescence dictates that such ordinances should be sustained.

"Judicial courtesy requires that we should regard it (the authority and judicial prerequisites for the passage of such an ordinance) as emanating from that power, which would have warranted its passage."

So says the Maryland court in East Baltimore Station Methodist Protestant Church v. Baltimore, 6 Gill (Md.) 391, 48 Am. D. 540, and the Supreme Court of the United States approves such a decision in Ulman v. Mayor, etc., of Baltimore et al., 165 U. S. 719, 17 S. Ct. 1001.

McQuillin, Municipal Corporations, vol. 2, para. 679, page 1478, states the rule without exception that recital of authority to enact an ordinance is not required, in the absence of charter necessity.

The trial court held that there had been a substantial compliance with the statutes governing in such matters and that the ordinance in question is valid. The record supports this view.

It is unnecessary to consider the first proposition.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur. GIBSON and DAVISON, JJ., absent. HURST, J., not participating.