## JONES et al. v. CITY OF OKLAHOMA CITY.

No. 35493.   Oct. 21, 1952.

Rehearing Denied Nov. 12, 1952.

*250 P. 2d 17.*

Hall & Cotten, D. H. Cotten, and Owen F. Renegar, Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and William F. Collins, Jr., and J. M. Sheehan, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

BINGAMAN, J.   This action was brought by plaintiffs, Bozo Jones, Elzie Renegar, and a number of other individuals, to have declared null and void certain ordinances of the city of Oklahoma City annexing to the city territory west of May avenue and north of West 23rd street, and to enjoin the city officials and employees from enforcing or attempting to enforce the ordinances within that area.   The amended petition recites that the plaintiffs are residents and property owners of the area west of May avenue and north of 23rd street and in nine separate causes of action attempts to cancel nine annexing ordinances of the city, passed at different times and affecting different portions of said area. For a 10th cause of action plaintiffs, after adopting all the averments of their first cause of action, assert that the defendant city will set off certain industrial zones in the area annexed which will materially affect the property rights of plaintiffs, and seek to enjoin such acts, and by an 11th cause of action seek to prevent the city from an alleged attempt on its part to remove a railroad track. The first cause of action recited that the ordinance therein attacked does not set forth jurisdictional grounds for the enactment of the ordinances; that no proper notice was given the residents of the area preliminary to the enactment of the ordinances; that it saddles plaintiffs with taxes to pay a bonded indebt-

edness in the creation of which they had no voice, and that it further violates various provisions of the Constitutions of the State and the United States. These averments were by reference incorporated into each cause of action thereafter asserted and copies of ordinances attacked in the first nine causes of action were attached thereto as exhibits.

The defendant demurred to the first cause of action on the ground that it did not state facts sufficient to constitute a cause of action and on the further ground that several causes of action were improperly joined, demurred to the other causes of action from the second cause to the ninth, inclusive, on the ground that plaintiffs had no legal capacity to sue and that the several causes of action were improperly joined, and to the 10th and 11th causes of action on the ground that there was a defect of parties defendant, and that neither stated facts sufficient to constitute a cause of action. The trial court sustained the demurrers of the defendant city as to the 3rd, 4th, 5th, 6th, 7th and 8th causes of action, overruled the demurrers as to the 1st, the 2nd and the 9th causes of action, and did not rule upon the demurrers to the last two causes of action. The case was tried to the court as to the 1st, 2nd, and 9th causes of action, as well as the 10th and 11th, and at the conclusion of the testimony the trial court sustained the demurrer of defendants to plaintiffs' evidence. From all these rulings plaintiffs appeal.

Plaintiffs first contend that the trial court erred in sustaining the demurrers to the 3rd, 4th, 5th, 6th, 7th and 8th causes of action, asserting that the court gave as its reason for sustaining the demurrers that this was a collateral attack upon the ordinances. However, the record does not sustain this contention, but is silent as to the reasons of the trial court. We think, however, that the judgment of the trial court on the demurrers was justified, both on the ground that plaintiffs had

no legal capacity to maintain the action and on the ground that there was a misjoinder of causes of action.

While, as above stated, each cause of action of the plaintiffs allleges that the ordinances did not state the jurisdictional facts, a copy of the ordinance attacked in each cause of action was attached to the petition as an exhibit and examination thereof shows that the ordinances attacked in causes of action from 3 to 8, inclusive, stated jurisdictional facts as contained in 11 O.S. 1951 §481. In such case, where there is a variance between the pleadings and the exhibits, the exhibits control. Home Ins. Co. of New York v. Whitchurch, 139 Okla. 1, 281 P. 234. We have repeatedly held that where the annexing ordinance recites the jurisdictional facts only the state could attack such ordinance. Thus in Missouri, Kansas & Texas R. Co. v. Maltsberger, 189 Okla. 363, 116 P. 2d 977, we said:

"The only effect of failure to recite jurisdictional facts in an ordinance of the kind is to enable interested parties, other than the state, to attack such ordinance. Being enabled to attack the ordinance in the capacity of an individual, he may, if he can, show that the necessary jurisdictional facts did not exist. When he has made such showing, and not until he has done so, the ordinance will be declared void."

And in Chicago, R. I. & P. Ry. Co. v. Galyon, 179 Okla. 170, 66 P. 2d 1066, we said that in cases of this character the general rule is that the state alone may question the valility of ordinances and that private parties are not authorized to attack in a collateral proceeding the corporate existence of the city as to its addition, citing cases, but noticed the exception to the rule in cases where the ordinance did not on its face recite the jurisdictional facts. To the same effect is Peerless Realty & Operating Co. v. City of Tulsa, 184 Okla. 335, 87 P. 2d 118; and Moore v. City of Perry, 126 Okla. 153, 259 P. 133. The holding in these cases

announces what seems to be the general rule. 37 Am. Jur. p. 649, §32.

While the causes of action in the amended petition purport to directly attack the validity of the ordinances, it is apparent that the sole purpose of the action was to avoid the payment of taxes, interference with the railroad and creation of industrial areas within the area. To that extent at least it collaterally attacked the ordinances. We think the trial court was justified in sustaining the defendant's demurrers to these causes of action on the ground that plaintiffs did not have capacity to maintain this action.

It is also clearly apparent that the various causes of action were improperly joined in the amended petition of plaintiffs. Joinder of causes of action is by statute, 12 O.S. 1951 §265, permitted in certain cases, but by the express language of the statute the causes so joined must affect all parties to the action, except in actions to foreclose mortgages and other liens. The pleadings in the instant case disclose that the various ordinances attacked were passed at different times and affected different portions of the area west of May avenue and north of 23rd street. While it is possible that those persons whose land was last annexed might have some interest in setting aside the prior ordinances in order to invalidate the ordinances which annexed their land, it is obvious that those whose lands were annexed by the earlier ordinances would have no possible interest in setting aside the later ordinances, since those ordinances in no way affect their property. It thus clearly appears that the various parties to the proceeding were not interested in every cause of action and that the demurrer was good on that ground.

The trial court overruled the demurrers of defendant to the 1st, 2nd and 9th causes of action for the reason that the ordinances attacked in those causes of action did not, on their face, recite the jurisdictional facts set forth in sec. 481, above referred to, but in attacking these ordinances the burden was upon plaintiffs to establish the invalidity of such ordinances. Missouri, Kansas & Texas, R. Co. v. Maltsberger, supra. The evidence produced by plaintiffs wholly failed to establish the lack of jurisdictional facts as to these three ordinances. They produced one witness who was acting city planning engineer of the planning board of defendant city, who testified on cross-examination that in every case the nine annexing ordinances attacked in this action were passed after the jurisdictional facts had been ascertained to exist. Plaintiffs complain that this was improper cross-examination in that they only asked the witness if petitions were filed in the ordinances attacked in the 1st, 2nd and 9th causes of action. But, even if it was improper and is excluded, it still leaves the case without proof that the jurisdictional facts did not exist in any of said ordinances. In the course of the case plaintiffs offered to prove by one of their witnesses that he had checked the records of the county clerk's office and taken descriptions and figures showing the ownership of tracts of land of five acres or more which were within the area included in the three ordinances involved. The trial court sustained an objection on the ground that this was not the best evidence, and plaintiffs then offered to bring the records from the county clerk's office. This offer was also refused.

It appears from the record that plaintiffs had theretofore suggested that they would bring up the records from the clerk's office, and that the trial court had repeatedly offered to permit them to do so. Its refusal to consider this offer of plaintiffs and its sustaining of the objection thereto was not reversible error.

The action of the trial court in upholding the ordinances necessarily disposed of the 10th and 11th causes of action in the petition. Plaintiffs argue that the ordinances were void for the reason that they are retroactive and

434

contain no saving clause from payment of bonded indebtedness of the city and taxes, citing Casner v. Meriwether, 152 Okla. 246, 4 P. 2d 19. We do not consider this case applicable to the ordinances here involved. The general rule is that an ordinance annexing territory to a city is not void or invalid because it may result in the taxation of property within the district to pay a pre-existing indebtedness of the municipality. 37 Am. Jur. p. 646, §29; 64 A.L.R. p. 1335, note.

Since the evidence of plaintiffs wholly fails to establish the invalidity of the three ordinances as to which evidence was taken, the trial court properly sustained the demurrer of defendant to the evidence of plaintiffs.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, GIBSON, and JOHNSON, JJ., concur.