**Stanley H. METZGER and Janice Metzger, Husband and Wife, Appellees,**

v.

**The TOWN OF LUTHER, Oklahoma, a municipal corporation, Appellant.**

**No. 85043.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 24, 1995.

As Corrected on Denial of Rehearing Dec. 5, 1995.

Certiorari Denied March 20, 1996.

Ted N. Pool, Sherry Blankenship, Blankenship, Vincent & Love, Oklahoma City, for Appellant.

James W. Waldo, Jack C. Moore, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Town of Luther (Luther) seeks review of the trial court's order granting an injunction to Appellees Stanley H. Metzger and Janice Metzger (the Metzgers), thereby restraining Luther from enforcing a certain ordinance.[1] The trial court held invalid Luther's ordinance purporting to annex the Metzgers' property, and accordingly further held Luther powerless to enforce its dog ordinance as against the Metzgers.[2] We find no error in the trial court's determination, and affirm.

---

1. Both sides moved for summary judgment which the trial court denied. Both sides then filed motions to reconsider. The trial court denied Luther's motion and granted the Metzgers'. It is from this order that Luther appeals.

2. Although the trial court found Luther's kennel ordinance unenforceable against the Metzgers, it additionally determined its ruling that Luther's annexation ordinance was invalid to be prospective only.

Sometime in the 1960's, Luther enacted ordinance numbers 53, 54, 57 and 60,[3] thereby purportedly annexing certain property, including the property owned by the Metzgers. Years later, the Metzgers, with Luther's approval, ran a *non-profit* kennel for unwanted dogs, routinely accepting "homeless" dogs from employees of the town of Luther. The record suggests that the Metzgers became inundated with dogs and advised Luther town officials that no more dogs could or would be accepted until the Metzgers could place the dogs they already had. Shortly thereafter, Luther denied the Metzgers' application for renewal of their kennel license. The Metzgers then requested an extension of time in which to place the dogs they currently had, which extension Luther denied.

The Metzgers subsequently filed the present action to enjoin Luther from enforcing its ordinance regarding the number of dogs allowed on property owned by Luther residents without a kennel license. The trial court held Luther without authority to regulate the Metzgers' kennel operation, Luther never having validly annexed the Metzgers' property, and granted the Metzgers their requested injunction. Luther appeals.

The Oklahoma Supreme Court has previously addressed the validity of Luther's attempted annexation of the Metzgers' property. *Town of Luther v. State ex rel. Harrod,* 425 P.2d 986, 989 (Okla.1967). The facts there showed that at approximately the same time of Luther's annexation of the Metzgers' property, the City of Oklahoma City passed certain ordinances purporting to annex much the same property, but *excluding* the Metzgers' property. The State of Oklahoma, by and through the County Attorney of Oklahoma County, brought suit to adjudicate the validity of the various competing annexation ordinances. The trial court determined that Luther's "several annexation ordinances"

were invalid and of no force and effect, and Luther appealed.

■ The Oklahoma Supreme Court, in affirming the trial court's judgment, held ordinance No. 60 invalid as a matter of law because it was "enacted under the wrong Oklahoma statute." *Town of Luther,* 425 P.2d at 989.[4] The Supreme Court there noted that Luther's ordinances purporting to annex certain property used language regarding written consent of a "majority" of the property owners in the area sought to be annexed, "majority" consent required by 11 O.S.1961 § 481, the statute in force at that time. The Supreme Court then further observed that § 481 required consent of a *majority* of property owners affected by the annexation, but applied *only* to charter cities and not to towns, while 11 O.S.1961 § 482 applied to towns such as Luther and required the consent of *three-quarters* of the property owners in the area proposed to be annexed rather than a majority. Accordingly, the Supreme Court held Luther's purported annexation ordinance(s) invalid as a matter of law as no statutory authority existed by which a town such as Luther could annex property by obtaining the consent of a majority of the property owners sought to be annexed.

■ We find this same reasoning applicable to enforceability of ordinance No. 54, the subject of this case. That is, and on its face, ordinance No. 54 purports to annex the Metzgers' property. However, in so doing, the ordinance states its authority for annexing the subject property is because such property is

adjacent and contiguous to the present corporate limits of the Town of Luther, Oklahoma and in addition [is] surrounded on three sides by the corporate limits of the said Town of Luther, Oklahoma and that by reason thereof [may be] annexed to the corporate limits of said town, all as provided by law.

3. The Metzgers argue, and the record indicates, that ordinance No. 53 did not cover the Metzgers' property.

4. The record indicates Luther's ordinance No. 57 was consolidated with ordinance No. 60 in the Town of Luther case. Assuming, arguendo, it

was not, ordinance No. 57 contained the same language as ordinance No. 60 which caused the Oklahoma Supreme Court to declare the latter invalid as a matter of law. Accordingly, we hold ordinance No. 57 invalid as a matter of law and of no force and effect.

The only statute authorizing annexation of property without the consent of either a majority or three-quarters of the owners thereof is when "three sides of such [property] is adjacent to, or abutting on, property already within the city limits...." 11 O.S.1961 § 481. As noted above, 11 O.S. § 481 applies exclusively to charter cities and not to towns such as Luther. Accordingly, and pursuant to the holding in *Town of Luther*, Luther has failed to establish compliance with 11 O.S. § 482. We therefore hold Luther's ordinance No. 54 is invalid as a matter of law because it was enacted under the wrong statute.

Luther also argues the Metzgers' challenge of Luther's ordinance is an impermissible collateral attack by a private individual. While we agree that generally an annexation ordinance may not be collaterally attacked, an exception has been made when the ordinance purporting to annex the subject property shows on its face a lack of jurisdiction. *See City of Maud v. Tulsa Rig, Reel & Mfg. Co.*, 165 Okla. 181, 25 P.2d 792 (1933) (town ordinance purporting to annex certain property which facially shows a lack of jurisdiction may be collaterally attacked where the town attempts to tax owners of the subject property). In the present case, the ordinance in question on its face clearly purported to annex the Metzgers' property under the authority of 11 O.S. § 481 which, as noted above, does not apply to towns such as Luther but only to charter cities. We therefore find no bar to the Metzgers' attack on the subject ordinance for want of jurisdiction.

Having so held, we need not consider whether Luther's failure to grant the Metzgers a renewal of their kennel license or Luther's failure to allow the Metzgers additional time in which to place the dogs constituted arbitrary and capricious action by Luther. The order of the trial court granting judgment to the Metzgers is therefore AFFIRMED.

CARL B. JONES, P.J. and GARRETT, C.J., concur.