**In the Matter of the DE-ANNEXATION OF CERTAIN REAL PROPERTY.**

**No. 57803.**

Supreme Court of Oklahoma.

April 26, 1983.

Larry B. Lucas, Poteau, for appellant.

Mary Ann Coleman, Talihina, for appellees.

IRWIN, Justice:

Appellees petitioned the Town of Talihina to detach from the Town's corporate limits certain property. Town denied the petition for detachment and appellees appealed to the district court pursuant to 11 O.S.1981, § 21–106. The district court ordered the property detached and Town appealed.

The only issue is the constitutionality of 11 O.S.1981, § 21–107, which prescribes the guidelines by which a district court reviews appeals in annexation and detachment proceedings. Section 21–107 provides: [1]

---

1. 11 O.S.1981, § 21–110, provides that actions in appeals on petitions requesting detachment

"If the district court finds that the request of the petitioners should be granted and can be granted without injustice to the inhabitants or persons interested, the court shall issue an order declaring annexation of the territory to the municipality. If the court finds against the petitioners, the petition shall be dismissed at the cost of the petitioners."

Town challenges the constitutionality of the above enactment on the theory that the question of annexation or detachment of property is purely legislative and that § 21–107 unconstitutionally grants to the judiciary this legislative function.

Appellees argue that the statute does not allow the district court to decide arbitrarily as to what territory should be annexed or detached but simply sets out questions of fact to be determined by the court and once these facts are determined sets out the remedy the court is to grant.

 The validity of the annexation of property by a municipality was presented in an action for a declaratory judgment in *Botsford v. City of Norman, Oklahoma,* 354 F.2d 491, (10th Cir.1965), and the court said:

"It is unquestionably true that the annexation of territory by a municipality is a pure legislative function granted to municipalities by the legislature of the State. The primary judicial function upon review of this municipal function is to insure that the municipality has acted within the scope of the legislative authority and that such action is reasonable. Discretionary matters involving economic or political considerations are outside judicial cognizance. See *City of Bethany v. District Court of Okl. County,* 200 Okl. 49, 191 P.2d 187; 37 Am Jur., *Municipal Corporations,* §§ 24 and 25."

See also *Red River Construction Company v. The City of Norman,* 624 P.2d 1064 (Okl.1981); *Utility Supply Company, Inc. v. The City of Broken Arrow,* 539 P.2d 740 (Okl.1975); *The City of Tulsa v. Nicholas,* 415 P.2d 917 (Okl.1966).

shall be conducted the same as appeals on petitions for annexation.

The rule announced in 16 C.J.S., *Constitutional Law,* § 139(2) is as follows:

"The legislature may not delegate to the courts the power to determine the conditions on which certain territory shall be included within, added to, or detached from, municipalities and other governmental subdivisions; but the courts may be authorized to determine questions of fact, such as the question whether the law has been complied with."

See also *State v. Town of Riverdale,* 244 Iowa 423, 57 N.W.2d 63 (Iowa, 1953); and 69 A.L.R. 266.

11 O.S.1981, § 21–110, provides that property may be detached from the corporate limits of a municipality by the governing body when:

(1) an ordinance by the governing body so directs, or

(2) a petition requesting detachment, signed by at least three-fourths of the registered voters and by the owners of at least three-fourths (in value) of the property to be detached, is filed with the governing body.

The statute also provides that only land which is within the limits of the municipality and upon its border and not laid out in lots and blocks; or land which had been annexed to a municipality, may be detached by petition.

There are no statutory guidelines for the governing body to follow in determining whether a petition for annexation or detachment should be granted or denied. The only guidelines are prescribed for the district court on appeal, and it determines if the request for annexation or detachment "should be granted and can be granted without injustice to the inhabitants or persons interested * * *."

Whether property should or should not be annexed to or detached from the corporate limits of a municipality is purely legislative. Although the courts may determine whether a governing board has acted within the scope of its legislative authority and whether such action is reasonable or unreasonable, the courts may not determine whether a petition for annexation or detachment should be granted and can be granted without injustice to the inhabitants or persons interested. That determination is purely legislative and the legislative enactment (11 O.S.1981, § 21–107) imposing such duty on the judiciary is unconstitutional and we so hold.

The judgment of the trial court is reversed and this cause is remanded for further proceedings. The issue on remand shall be whether the Town in its denial of the petition for detachment acted within the scope of its legislative authority and whether such acts were reasonable.

JUDGMENT REVERSED AND CAUSE REMANDED.

BARNES, C.J., SIMMS, V.C.J., and HODGES, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.