2005 OK CIV APP 34

Kenneth WILLIAMS, Dorothy Williams, Timothy White, Paula Best, Robert Best, Keith Sanders, Bob Goins, Ray Sanders, Pat Sanders, George Sanders, Randy Monk, Janet Monk, Pat Bates, Robert E. Larson, Jr., Sam Hawk, Mary Gann, Ruth Willis, Fox Enterprises, Inc., Clinton Tucker, Mary Tucker, Ronald Hilton, Brenda Hilton, Virgil Sitsler, and Teresa Sitsler, Plaintiffs/Appellants,

v.

TOWN OF SALINA, Mayes County, Oklahoma, Defendant/Appellee.

No. 100,493.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 17, 2005.

Robert Blaine Jones, Pryor, OK, for Plaintiffs/Appellants.

William E. Gaddis, Whitebook, Gaddis & Powers, P.A., Tulsa, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge:

¶1 Plaintiffs brought this declaratory judgment action seeking a determination that an ordinance enacted by the Town of Salina was void. Both sides filed summary judgment motions. Ultimately, the trial court granted summary judgment to the Town of Salina, finding the ordinance to be facially valid and not subject to collateral attack by Property Owners. Property Owners appeal from that decision.

¶2 On December 17, 2002, Salina annexed property that was a mile away from Salina on the opposite side of Lake Hudson. The annexation included property owned by Plaintiffs/Appellants (Property Owners). Also annexed was a long strip of land that had previously been annexed by the town of Pryor Creek. This strip was only ten-feet wide. Salina also annexed the surface area of the Oklahoma Highway 20 bridge that spanned the Lake and connected Salina to the annexed property. The legal description of the annexed property detailed a U-shaped area that did not close, but instead began and ended near the shoreline of the Lake on either side of the bridge.

¶3 The Property Owners argued their property was not contiguous or adjacent to Salina, because the annexed land was too far from Salina and was connected only by the Highway 20 bridge. They also argued Salina improperly annexed the long, narrow strip of property along the Lake Hudson shoreline that had previously been annexed by the town of Pryor Creek. Finally, they argued there were several procedural defects with the ordinance including: 1) notice was not properly given to Pryor Creek; 2) the legal description did not describe an enclosed territory; 3) the Ordinance did not contain an enacting clause; and 4) the Service Plan did not contain reasonable dates for providing potable water and solid waste services.

¶4 Summary judgment is only proper when there are no material facts in dispute and the movant is entitled to judgment as a matter of law. *In re De-annexation of Certain Real Property from the City of Seminole*, 2004 OK 60, ¶7, 102 P.3d 120,

125. Appellate courts review summary judgments *de novo*, giving no deference to the trial court. *Id.*, ¶8, 102 P.3d at 125 n. 12. After reviewing the entire record, and because of the Supreme Court's recent ruling in *City of Seminole, supra*, we reverse the grant of summary judgment and remand for further proceedings. There is a genuine issue of fact regarding whether the annexed property was contiguous or adjacent to Salina.

¶5 A municipality can add territory that is adjacent or contiguous to its corporate limits. 11 O.S.2001 § 21–101. The extension of municipal boundaries by annexation is a legislative act by the governing body of a municipality. *City of Seminole*, ¶13, 102 P.3d at 127. Judicial review by the district court is only to determine whether the municipality "exercised its annexation power in a reasonable manner and in compliance with the standards of state law." *Id.* The terms "adjacent or contiguous" are not statutorily defined, but 11 O.S.2001 § 21–102 provides that any territory that is only separated from the limits of a municipality by a railway right-of-way, an intervening strip less than four rods [66 feet] wide, or a highway right-of-way will still be considered adjacent or contiguous. *See City of Claremore v. Town of Verdigris*, 2001 OK 91, ¶3, 50 P.3d 208, 210. The procedure for a town to annex territory is provided in 21 O.S.2001 § 21–104, which includes specific requirements for notice, a hearing, and a plan for extending town services to the annexed territory.[1]

¶6 Regarding the ten-feet wide strip along the lakeshore that had previously been annexed by Pryor Creek, Property Owners argued that they, and not Salina, should have been granted summary judgment because Salina failed to follow the procedures in 11 O.S.2001 § 21–114. Section 21–114 allows the *majority of property owners* in an unincorporated territory that is enclosed by the boundaries of a municipality *to petition for annexation* to another municipality, as long as the boundary is less than 20 feet wide and the property is contiguous except for the boundary. *Id.* This statute does not apply,

---

1. A 2004 amendment to this statute does not apply to this 2002 ordinance.

however, when a *municipality* begins the annexation process as was done here.

¶ 7 We do not agree with Property Owners that Salina could only annex this property if the Property Owners had signed a petition pursuant to § 21–114. The terms of this statute are clear and unambiguous and its purpose is to allow property owners a way to begin an annexation procedure. There is no language in this provision that would limit the annexation rights given to municipalities in § 21–101 to annex territory that is contiguous or adjacent to its corporate limits. It is not the function of an appellate court to judicially create a limitation that the Legislature did not include in the clear language of this statute.

¶ 8 Salina contends, on the other hand, that it is entitled to summary judgment because the property is contiguous or adjacent to their town limits as a matter of law. They argue that 82 O.S.2001 § 895,[2] which allows a municipality to annex property by crossing a body of water as long as the property has been improved by a bridge or other similar permanent structure, as a matter of law, makes the property on the other side of the bridge contiguous as if the body of water did not exist. We disagree. The purpose of § 895 is to *prohibit* municipalities from annexing property covered by water that is controlled by the Grand River Dam Authority. It *only allows a municipality to annex property by crossing a body of water if the property has been improved by a bridge or other permanent structure.* There is no legislative intent in § 895 to broaden the power of a municipality to annex any territory connected to it by a bridge. A general statute that governing water rights should not be interpreted to eliminate the specific requirement in 11 O.S.2001 § 21–101 that annexed property must be contiguous or adjacent to the town. The requirement that the annexed territory be adjacent or contiguous is an essential element for a valid annexation. *City of Seminole*, ¶ 20, 102 P.3d at 129. Sec-

tion 895 does not substitute for a finding of contiguity pursuant to 11 O.S.2001 § 21–101.

¶ 9 Thus, the question is whether the annexed property, which is more than a mile away from Salina, across Lake Hudson and connected only by the Highway 20 bridge, is contiguous as a matter of law. Oklahoma courts have historically placed few limits on the shape or size of annexed territory, stating these are political decisions for the municipalities' governing boards. *See, e.g., Sharp v. Oklahoma City*, 1937 OK 685, ¶¶ 18–20, 74 P.2d 383, 385 (affirming an annexation ordinance that connected six blocks to a city with a small strip of land 177 feet wide and 1622 feet long). However, in the recent Oklahoma Supreme Court decision, *City of Seminole, supra*, the Court departed from the reasoning in those cases when it was confronted with a narrow corridor connecting otherwise noncontiguous tracts of land. The Court emphasized that focusing on the shape and size of annexed territory as a nonjusticiable political decision failed to address the critical question of "whether the annexation ordinance was in reasonable compliance with the statutory prerequisite for adjacency." *Id.*, ¶ 17, 102 P.3d at 128.

¶ 10 The Court then articulated a rule to use to determine statutory compliance when "corridor annexation"[3] is being, or has been utilized:

For statutory contiguity to be met where a *narrow corridor* is used to gain access to discontiguous tracts of land, *the corridor itself must have a tangible municipal value or purpose at the time of annexation.* The contiguity requirement is not satisfied by means of a territorial appendage that connects several remote tracts of land to the annexing municipality, but has little relationship to a beneficial municipal purpose.... We note that courts are generally loath to find one territory to be contiguous to another where the only link between the two is forged by a narrow corridor.

---

**2.** A 2003 amendment to this statute does not apply to this 2002 ordinance.

**3.** Corridor annexation is also referred to as a shoestring, corridor, strip, long lasso, horseshoe,

noose, barbell, hourglass, flag pole, ball-and-chain, or ribbon-and-balloon. *City of Seminole,* ¶ 17, 102 P.3d at 128 n. 34.

*Id.,* ¶ 22, 102 P.3d at 130–31 (emphasis added and footnotes omitted). Once an objecting party has shown an "unreasonably narrow connecting strip," the burden of production (but not of persuasion) shifts to the municipality to show there was due compliance with the law, i.e., that the annexed property was contiguous. *Id.,* ¶ 24, 102 P.3d at 131 n. 51. To meet this burden, the municipality must show that the narrow corridor will confer a beneficial use beyond just connecting the remote property. *Id.,* ¶ 24, 102 P.3d at 131.

¶ 11 The Supreme Court also discussed the definitions of contiguous and adjacent, which are used in their obvious sense and generally require some touching. *Id.,* ¶ 20, 102 P.3d at 129–130. The Court noted the meanings of these words are flexible and may be affected by the facts of each case. *Id.* In addition, the concept of a municipality is also relevant to determine whether annexed property is contiguous or adjacent. *Id.* at ¶ 21, 102 P.3d at 130. A municipality is a unified body with a community of interest, gathered into a single mass with recognized and well-defined boundaries, not separate and disconnected areas. *Id.* Proximity also increases the likelihood that new residents will receive an acceptable level of municipal services in return for paying taxes. *Id.* at ¶ 21, 102 P.3d at 130 n. 45.

¶ 12 We find that the "narrow corridor" rule as articulated in *City of Seminole* applies to the Salina annexation, because a mile-long bridge was used to connect the otherwise noncontiguous property on the opposite side of the lake. However, Salina did not produce any evidence that annexing the bridge would provide a tangible value or benefit to the municipality beyond merely connecting the annexed property to the town. This is still in dispute and, that being the case, summary judgment was not warranted.

¶ 13 The trial court's order also denied Property Owners' motion to join Pryor Creek as a "third-party plaintiff." [4] Pursuant to 12 O.S.2001 § 2019(A),[5] this order is reversed. The property Salina annexed included a ten-feet wide strip of land near Lake Hudson that had been previously annexed by Pryor Creek. Pryor Creek objected to the joinder and it never disclaimed an interest in the subject property. This left the Property Owners with a substantial risk of inconsistent obligations between Salina and Pryor Creek if the Salina annexation ordinance was declared valid by the trial court. The trial court resolved this issue by ruling that Salina was the only municipality with jurisdiction over the subject property after it declared Salina's annexation was valid. However, 12 O.S.2001 § 1653(C) requires that for any proceeding involving the validity of a municipal ordinance, the municipality "shall be made a party and shall be entitled to be heard." Because a ruling on remand as to the validity of Salina's annexation ordinance will necessarily affect the validity of Pryor Creek's ordinance as it relates to this same property, Pryor Creek must be made a party.

¶ 14 The trial court's decision also ruled that Property Owners had no standing to object to the annexation because the annexation ordinance was valid on its face and thus not subject to Property Owners' collateral attack. This Court disagrees. Our review finds the ordinance to be not facially valid because the property description therein indicates the annexed property does not touch Salina. Because the authority of Salina to annex this property is not apparent on the face of the ordinance, it is thus subject to collateral attack by the Property Owners. *Jones v. City of Oklahoma City,* 1952 OK 354, ¶ 4, 250 P.2d 17, 20 (stating private individuals can only challenge an annexation ordinance where the ordinance does not contain all of the necessary jurisdictional facts to authorize annexation); *see also City of Semi-*

---

**4.** Although the parties referred to Pryor Creek as an intended third-party plaintiff, Pryor Creek objected to being joined and thus would be classed as an "Involuntary Plaintiff" if joined. *See* 12 O.S.2001 § 2019(A).

**5.** Section 2019(A) requires that a court join a party that is subject to service of process if com-

plete relief cannot be accorded among those already parties in his absence; or he claims an interest relating to the subject of the action and his absence may either impair his ability to protect that interest, or leave any parties subject to a substantial risk of double or inconsistent obligations due to that claimed interest.

*nole, supra* (allowing property owners to challenge annexation ordinance where narrow corridor was used to annex otherwise noncontiguous property).

¶ 15 The order of the trial court is accordingly reversed. This case is remanded to determine the validity of the annexation ordinance in light of *City of Seminole, supra* and for any other proceedings consistent herewith.[6]

¶ 16 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

ADAMS, P.J., and JOPLIN, J. (sitting by designation), concur.

---

**6.** Property Owners had earlier filed a Motion for Appeal–Related Costs. It is, however, the responsibility of the Supreme Court Clerk to assess the taxable costs. Their motion may be reasserted at any time prior to mandate. *See* Oklahoma Supreme Court Rule 1.14. 12 O.S. Ch. 15, App.